1  LAW OFFICES OF MARJORIE BARRIOS
   Marjorie Barrios, Esq. (Bar No.: 242159)
2  P.O. Box 500
   San Bernardino, CA 92402
3  Office:    (909) 888-6000
   Facsimile: (909) 888-6001
4  E-mail: iecivillaw@gmail.com

5  Counsel for Plaintiffs, *RANDY CONAN, XYLINA CONAN.*

6              **UNITED STATES DISTRICT COURT**

7             **CENTRAL DISTRICT OF CALIFORNIA**

8                   **EASTERN DIVISION**

9

10  RANDY CONAN; XYLINA CONAN,  ) Case No.:
                                )
11  Plaintiffs,                 )
                                ) **COMPLAINT FOR:**
12                              )
                                )    1. **EXCESSIVE USE OF FORCE**
13                              )       **(42 U.SC. § 1983)**
                                )    2. **DENIAL OF MEDICAL**
14            v.                )       **CARE (42 U.SC. § 1983)**
                                )    3. **ASSAULT/BATTERY**
                                )    4. **NEGLIGENCE**
15  CITY OF FONTANA; FONTANA    )    5. **INTENTIONAL/NEGLIGENT**
    POLICE DEPARTMENT; JOSHUA   )       **INFLICTION OF**
16  PATTY; and, DOES 1-20, Inclusive, ) **EMOTIONAL DISTRESS**
    Sued in their Official and Individual ) 6. **LOSS OF CONSORTIUM**
17  capacities.                 )
                                )
18                              ) **DEMAND FOR JURY TRIAL**
    Defendants.                 )
19                              )
                                )
20                              )
                                )
21  ─────────────────────────── )

22

23

24

25

26

27

**COMPLAINT FOR DAMAGES**

Plaintiffs allege as follows:

**INTRODUCTION**

1. This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the excessive use of force used on Plaintiff Randy Conan after a vicious beating inflicted by the FONTANA POLICE DEPARTMENT.  Punitive damages are sought against the individual Defendants alone and not the CITY OF FONTANA and the FONTANA POLICE DEPARTMENT which are statutorily immune from such damages.

2. Defendants Does 1-10 proximately caused Plaintiff, Randy Conan's injuries by beating him with closed fists and elbows when he offered no resistance and constituted no threat to any officer or others.

3. Defendants CITY OF FONTANA, the FONTANA POLICE DEPARTMENT and Does 11-20, also proximately caused Plaintiff Randy Conan's injuries and are liable under state law and principles set forth in *Monell. v. Department of Social Services* 436 U.S. 658 (1978).

4. The policies, customs and practices of using excessive force, failing to discipline officers who use excessive force and a general failure to supervise, train and monitor Officers/Deputies led to the injuries of the Plaintiffs.  This lawsuit

challenges the constitutionality of those policies, practices and customs.  This lawsuit is firmly in the public interest.

## **PARTIES**

5. At all relevant times in this complaint Randy Conan and Xylina Conan were residents of the CITY OF FONTANA, and are natural persons.

6. Defendants DOE Officers 1-10 are employees of the FONTANA POLICE DEPARTMENT who act and are employed as police officers. All DOE Officers were acting under color and authority of law within the course and scope of their duties as officers for the FONTANA POLICE DEPARTMENT.  DOE Officers were acting with the complete authority and ratification of their principal, Defendant CITY OF FONTANA and/or FONTANA POLICE DEPARTMENT. They are sued in their individual and representative capacities.

7. Defendants Does 11-15, are supervisorial officers for the CITY OF FONTANA and/or FONTANA POLICE DEPARTMENT who were acting under color and authority of law within the course and scope of their duties as police officers with the CITY OF FONTANA and/or FONTANA POLICE DEPARTMENT.  Does 11-15 were acting with the complete authority and ratification of their principal, Defendant CITY OF FONTANA and/or the FONTANA POLICE DEPARTMENT, and, they are sued in their official and individual capacities.

8. Defendants Does 16-20 are managerial, supervisorial, and policymaking employees of the CITY OF FONTANA, FONTANA POLICE DEPARTMENT, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the CITY OF FONTANA and/or the FONTANA POLICE DEPARTMNT.  DOES 16-20 were acting with the complete authority and ratification of their principal, Defendant CITY OF FONTANA and/or FONTANA POLICE DEPARTMENT.  They are sued in their official and individual capacities.

9. On information and belief, DOES 1-20, were residents of the CITY OF FONTANA at the time of the incident and at all relevant times.

10. At all relevant times, Defendants CITY OF FONTANA and FONTANA POLICE DEPARTMENT were a duly organized public entity of form unknown, existing under the laws of the State of California. Defendant, CITY OF FONTANA, is a chartered subdivision of the State of California with the capacity to be sued. CITY OF FONTANA is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the FONTANA POLICE DEPARTMENT.  At all relevant times, Defendant CITY OF FONTANA was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the FONTANA POLICE DEPARTMENT, and its employees and agents, complied with the laws of the

United States and of the State of California.  At all relevant times, Defendant, CITY OF FONTANA, was the employer of Defendant DOE Officers.

11. In doing the acts and failing and omitting to act as hereinafter described, Defendant DOE Officers were acting on the implied and actual permission and consent of supervisory Defendants, DOES 11-20.

12. Plaintiffs are informed and believe and thereon allege that each Defendant is, and at all times mentioned was, the agent, employee, representative, successor, and/or assignee for each other Defendant.  Each Defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the scope of his or her actual and apparent authority or the alleged acts and omissions of each Defendant, as agent, and subsequently were ratified and adopted by each other Defendant as principal.  Plaintiffs are informed and believe that each of the individual Defendants was in some way responsible for the constitutional violations and torts alleged in this complaint.

13. In committing the acts alleged in this Complaint, Defendants acted knowingly, maliciously, and with reckless or callous disregard for the constitutional rights of Plaintiffs, justifying an award of punitive damages under federal and California law against each individual Defendant except for the CITY OF FONTANA and FONTANA POLICE DEPARTMENT which are statutorily exempt from such damages.

### *MONELL* ALLEGATION

14. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Defendant, CITY OF FONTANA, is liable for all injuries sustained by Plaintiffs as set forth herein. CITY OF FONTANA bears liability because its policies, practices and/or customs caused Plaintiffs' injuries. In particular, Defendant, CITY OF FONTANA, has condoned an ongoing pattern of brutality committed by officers in its employ. CITY OF FONTANA and its officials, maintained or permitted one or more of the following policies, customs, patterns or practices:

A. Failure to provide adequate training and supervision to officers with respect to constitutional limits on use of force, detention, and provision of medical care;

B. Failure to adequately discipline or retrain officers involved in misconduct;

C. Selection, retention, and assignation of officers with demonstrable propensities for excessive force, violence, dishonesty, and other misconduct;

D. Condonation and encouragement of officers in the belief that they can violate the rights of persons such as Plaintiffs with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits;

E.  Failure to provide proper and adequate medical care to detainees;

F.  Retaining, assigning and selecting officers with known propensities for using excessive force, violence, dishonest and other misconduct and failing to take adequate steps to discipline such persons;

G. Failure to practice and enforce proper reporting and investigation of use of force by FONTANA POLICE DEPARTMENT employees;

H. Ratification by the highest levels of authority of the specific unconstitutional acts alleged in this complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

15. On the evening of August 30, 2015, Randy Conan was a patron at Kicks Sports Bar located at 16788 Arrow Boulevard, Fontana, California.

16.  The bartender, Diego Varillos Loo, called Fontana Police to report that Mr. Conan was unruly.

17.   The officer responding to the call, Joshua Patty, came to the bar and confronted Mr. Conan, aggressively.

18. Mr. Conan offered no resistance and was being walked out of the bar without incident until Officer Joshua Patty viciously assaulted Mr. Conan in the face.  At this time, Mr. Conan presented no threat and was compliant with all commands.  Mr. Conan fell to the ground where while down, and offering no resistance, Officer Patty straddled the fallen Mr. Conan and repeatedly struck in

the back of the head with Officer Patty's elbow.  Officer Patty is trained in military style combat and used his full force and weight against a compliant, injured citizen.

19.  While Mr. Conan was being pummeled by Officer Patty other officers arrived, DOES 1-10 and supervisors, DOES 11-15.  None of the DOE officers did anything to stop the assault and, in fact, did nothing to Officer Patty to challenge his conduct in striking a helpless person.  The group witnessed a crime and did nothing to stop it, report it or document it.

20. After Mr. Conan was yanked from the floor he was offered no medical treatment.  It was obvious to any person that he needed medical help as his face was bruised and he was bleeding.  DOES 1-20 officers are trained to spot medical issues, and, in particular the danger of head trauma and did nothing to procure medical treatment for Mr. Conan who had suffered numerous head traumas.  The strikes were recorded on videotape which supervisory personnel and police officers saw.  Yet no help was procured.

21. In the days following the incident each DOE Defendant failed to report the incident as required by City policy and wrote reports covering the incident up. The video of the incident was viewed by all DOE officers and the highest level of command at the CITY OF FONTANA POLICE DEPARTMENT.

22. No disciplinary actions were taken against Officer Patty, who has been involved in prior excessive use of force incidents, or against the remaining DOE officers despite clear evidence that excessive force was used.  Instead, FONTANA

POLICE DEPARTMENT turned a blind eye to the incident and allowed DOES 1-20 to file false reports that did not document the violence.

### FIRST CLAIM FOR RELIEF
### Excessive Force (42 U.S.C § 1983)
### Fourth and Fourteenth Amendments
### (Against all Defendants)

23. Plaintiffs repeat and re-allege each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

24. DOE Defendants, brutally beat Plaintiff Randy Conan without justification and failed to stop the assault or procure medical treatment.  Plaintiff Randy Conan was at all times compliant and never resisted or refused any officer's command. Officers continued beating Randy Conan even after he was handcuffed. This beating was severe enough to bruise his face, cause a knot to form his head and induce concussive symptoms. This beating constituted excessive force against Randy Conan in violation of his Fourth and Fourteenth Amendment rights.

25. Defendants Officer Patty and DOES 1-10's use of excessive force caused Randy Conan severe physical injuries, pain and suffering, extreme emotional distress, fear, trauma, and humiliation, bruises on his face and body, lacerations and abrasions on his face and body, and post traumatic concussive symptoms including headache, loss of memory and an inability to think clearly or function normally.

26. Plaintiffs' claims against Defendants CITY OF FONTANA, its POLICE DEPATMENT and DOES were filed with the City.  The City denied those claims

which encouraged, condoned and emboldened its employees to engage in the conduct again without fear of retribution.

27. As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

28.  Plaintiffs allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial with the exception of the CITY OF FONTANA and FONTANA POLICE DEPARTMENT which are statutorily immune from such damages.

29. As a direct and legal result of Defendants' acts and omissions, Plaintiffs have suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, attorneys' fees, costs of suit, loss of earnings, and other pecuniary losses not yet ascertained which will be requested according to proof at trial.

## SECOND CLAIM FOR RELIEF
### Denial of Medical Care (42 U.S.C § 1983)
### Fourth and Fourteenth Amendments
### (Against all Defendants)

30. Plaintiffs repeat and re-allege each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

31. DOE Defendants, failed to provide Randy Conan medical care in the wake of the beating despite Randy Conan's extensive injuries.  Randy Conan had serious injuries in the face and body.  Defendants left Plaintiff with untreated head wounds.  These wounds created a prospect of death or permanent disability that the Defendants ignored purposefully.

32. Defendants' denial of medical care exacerbated Randy Conan's physical injuries and caused Randy Conan increased trauma, mental and emotional distress, and increased pain and suffering.

33. Plaintiffs' claims against Defendants CITY OF FONTANA and FONTANA POLICE DEPARTMENT are based on their maintaining and permitting the practices, policies and customs described in this complaint. In particular, Randy Conan is informed and believes and based thereon alleges that Defendant CITY OF FONTANA was aware of the inadequate medical care provided to detainees in CITY OF FONTANA POLICE DEPARTMENT custody including the inadequate medical treatment provided to the victims of excessive use of police force.  On information and belief, instead of taking proper steps to

provide for proper medical care for detainees, THE CITY OF FONTANA ignored the problem and condoned, encouraged, fostered and/or ratified the denial of proper medical care to detainees in the FONTANA POLICE DEPARTMENT custody.  Plaintiff Randy Conan is further informed and believes and thereon alleges that Defendants FONTANA POLICE DEPARTMENT and CITY OF FONTANA have ratified the individual officers' unconstitutional conduct towards Plaintiffs.

34. As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

35. Plaintiffs allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.   The CITY OF FONTANA and the FONTANA POLICE DEPARTMENT are statutorily exempt from exemplary damages and those damages are not requested from those Defendants.

36. As a direct and legal result of Defendants' acts and omissions, Plaintiff Randy Conan has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical

expenses, attorneys' fees, costs of suit, loss of earnings, and other pecuniary losses not yet ascertained, but which will be requested according to proof at the time of trial.

### THIRD CLAIM FOR RELIEF
**Assault/Battery**
**(Against all Defendants)**

37. Plaintiff Randy Conan repeats and re-alleges each and every allegation in of this complaint with the same force and effect as if fully set forth herein.

38. Fontana Police Department Officers, and including the DOE Defendants, committed assault/battery against Plaintiff Randy Conan by striking him in the head repeatedly without cause and while he was not resisting in any way.  Officer Joshua Patty is directly responsible for the strikes as he caused them.  The remaining DOES are responsible for the assault/battery because they failed to intervene or prevent the assault despite a legal duty to do so.

39. Defendants' battery caused Plaintiff Randy Conan pain and suffering, extreme emotional distress, fear, trauma, and humiliation, bruises on his face and body, lacerations and chronic post-concussion symptoms including headache, loss of memory, and mental confusion.  Defendants either participated in or failed to prevent this misconduct.

40. As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they

failed to intervene when they had the opportunity and duty to do so to prevent these violations.

41. Plaintiff Randy Conan is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

42. As a direct and legal result of Defendants' acts and omissions, Plaintiff Randy Conan has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, attorneys' fees, cost of suit, loss of earnings, and other pecuniary losses not yet ascertained but which shall be requested at trial according to proof.

## FOURTH CLAIM FOR RELIEF
### Negligence
### (Against all Defendants)

43. Plaintiffs repeat and re-allege each and every allegation of this Complaint with the same force and effect as if fully set forth herein.

44. Defendants owed a duty of care toward Plaintiff Randy Conan and were required to use reasonable diligence to ensure Plaintiff's safety while in their custody and control.  Defendants' actions and omissions were negligent and reckless, including but limited to:

A. The failure to properly assess the need to use force against Plaintiff;

B. The negligent tactics and handling of the situation with Plaintiff Randy Conan;

C. The negligent use of excessive force against Plaintiff;

D. The failure to properly train, supervise, and discipline employees, including the individual defendants;

E. The failure to provide timely medical assistance to Plaintiff; and

F. The negligent hiring, retention, and assignment of CITY OF FONTANA employees, including the individual defendants.

45. As a direct and legal result of Defendants' acts and omissions, Plaintiff Randy Conan has suffered damages, including, without limitation, pain and suffering, extreme mental emotional distress, medical expenses, attorneys' fees, cost of suit, and other pecuniary losses not yet ascertained but which will be requested according to proof at trial.

46. As a result of their conduct, Defendants are liable for Plaintiffs' injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

47. Plaintiffs are informed and believe and thereon allege that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in

an amount to be determined at time of trial except for the CITY OF FONTANA

and THE FONTANA POLICE DEPARTMENT which are statutorily exempt from

such damages.

### FIFTH CLAIM FOR RELIEF
**Intentional/Negligent Infliction of Emotional Distress**
**(Against all Defendants)**

48. Plaintiffs re-allege all prior paragraphs of this complaint as if fully set

forth herein.

49. The actions of DOES 1-20 were outrageous by all normal standards of

society and police practice.  Excessive force and covering up that use of force is

out of all expected societal values for the police and municipalities.

50. As a consequence of the outrageous actions of Defendants, Plaintiff

Randy Conan has suffered grievous mental upset including flashbacks,

disorganized thought and general mental upset.

51.  Defendant CITY OF FONTANA and its POLICE DEPARTMENT are

liable for the actions because each knew of their officers' penchant for violence

and cover-up and have condoned, authorized and ratified the conduct.

52.  As a result of their conduct, Defendants are liable for Plaintiff Randy

Conan's injuries, either because they were integral participants in the misconduct,

or because they failed to intervene when they had the opportunity and duty to do so

to prevent these violations.

53. Plaintiff is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial except for the CITY OF FONTANA and the FONTANA POLICE DEPARTMENT which are statutorily exempt from such damages.

54. As direct and legal result of Defendants' acts and omissions, Plaintiff Randy Conan has suffered damages, including, without limitation, pain and suffering, extreme mental emotional distress, medical expenses, attorneys' fees, cost of suit, and other pecuniary losses not yet ascertained but which will be requested according to proof at trial.

## SIXTH CLAIM FOR RELIEF
**Loss of Consortium**
**(Against all Defendants)**

55. Plaintiff, Xylina Conan, presents this claim against all Defendants and re-alleges all prior paragraphs of this complaint as if fully set forth herein.

56. Xylina Conan is the wife of Randy Conan. Prior to the assault, the couple enjoyed a loving relationship as husband and wife and enjoyed the full benefits of the marital relationship.

57. The assault has caused Randy Conan to be in pain and suffering from concussive symptoms. He cannot offer the full level of participation in the

relationship as he did prior to the assault including household work, aid and assistance and intimate companionship a husband is expected to provide.

58.  As a result of this pain and suffering, Xylina Conan, has lost the value of the consortium of her husband both in terms of a healthy intimate relationship, and in terms of household labor and companionship.

59. Plaintiff, Xylina Conan, is informed and believes and thereon alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiffs' rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial except for the CITY OF FONTANA and THE FONTANA POLICE DEPARTMENT which are statutorily exempt from such damages.

60. As direct and legal result of Defendants' acts and omissions, Plaintiff, Xylina Conan has suffered damages, including, without limitation, pain and suffering, extreme mental emotional distress, medical expenses, attorneys' fees, cost of suit, and other pecuniary losses not yet ascertained but which will be requested according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages in an amount to be determined at trial;

B.  For punitive damages against individual Defendants in an amount to be proven at trial except for CITY OF FONTANA and FONTANA POLICE DEPARTMENT whom are immune from such damages;

C.  For reasonable costs of this suit and attorneys' fees; and

D.  For such further relief as the Court may deem just, proper, and appropriate.

Respectfully submitted,

DATE: 06/14/2016                    LAW OFFICES OF MARJORIE BARRIOS

By: */s/ Marjorie Barrios*
MARJORIE BARRIOS, Esq.
Counsel for the Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

Respectfully submitted,

DATE: 06/14/2016                    LAW OFFICES OF MARJORIE BARRIOS

By: */s/ Marjorie Barrios*
MARJORIE BARRIOS, Esq.
Counsel for the Plaintiffs