UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-1261-KK | Date: | May 24, 2017 |
| Title: | *Randy Conan, et al. v. City of Fontana* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Denying Plaintiff's Motion to Unseal Without Prejudice [Dkt. 57] and Vacating June 1, 2017 Hearing

## I.
## SUMMARY OF RULING

On May 1, 2017, Plaintiffs Randy Conan and Xylina Conan ("Plaintiffs") filed a Motion to Unseal ("Motion") video footage captured by defendant Joshua Patty's police officer body camera ("Body Camera Footage"). ECF Docket No. ("Dkt.") 57. As set forth below, the Court DENIES Plaintiffs' Motion without prejudice. The hearing on Plaintiffs' Motion set for June 1, 2017 is hereby VACATED.

## II.
## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On June 14, 2016, Plaintiffs commenced the instant action by filing a complaint against defendants pursuant to 42 U.S.C. § 1983. Dkt. 1.

On December 2, 2016, the parties filed a joint stipulation seeking a protective order. Dkt. 31. On December 5, 2016, the Court declined to issue the parties' proposed protective order citing various deficiencies in the proposed order. Dkt. 32. On December 7, 2016, the parties filed an amended joint stipulation seeking a protective order ("Protective Order"), which the Court approved on December 8, 2016. Dkts. 33, 34. Under the terms of the Protective Order, the

parties stipulated "GOOD CAUSE exists for designating the information, documents, video, photographs, audio, and/or other materials as confidential in order for Defendant, City of Fontana employees, and other government officials to protect government interests, as well as the privacy rights of third parties not subject to this litigation." Dkt. 33 at 2.

On January 30, 2017, following a motion to amend, Plaintiffs filed the instant Third Amended Complaint ("TAC") against defendants City of Fontana, Joshua Patty, Kurtis Schlotterback, Adam Clabaugh, Matthew Roth, Steven Bechtold, and Bradley Guith ("Defendants"). Dkt. 40. The TAC raised the following eight causes of action: (1) "Unreasonable Search and Seizure – Excessive Force (42 U.S.C. § 1983)" against Officer Patty; (2) "Unreasonable Search and Seizure – Denial of Medical Care (42 U.S.C. § 1983)" against Officers Patty, Schlotterback, Clabaugh, Roth, Bechtold, and Guith; (3) "Municipal Liability – Ratification (42 U.S.C. § 1983)" against City of Fontana and Officers Schlotterback, Clabaugh, Roth, Bechtold, and Guith; (4) "Municipal Liability – Inadequate Training (42 U.S.C. § 1983)" against City of Fontana and Officers Schlotterback, Clabaugh, Roth, Bechtold, and Guith; (5) "Municipal Liability – Unconstitutional Custom, Practice or Policy (42 U.S.C. § 1983)" against all defendants; (6) Battery against all defendants; (7) Negligence against all defendants; and (8) Loss of Consortium against all defendants. Id.

According to the TAC, defendant Joshua Patty, a police officer for the City of Fontana, assaulted plaintiff Randy Conan as he was being escorted out of Kicks Sports Bar on the evening of August 30, 2015. Id. ¶¶ 19, 22. Plaintiffs allege Defendants failed to offer any medical assistance despite the fact plaintiff Randy Conan was injured following the alleged assault. Id. ¶ 24. Plaintiffs allege Defendants attempted to cover up the incident by writing false reports and claim that defendant Joshua Patty was never disciplined for his actions. Id. ¶¶ 25, 26. Thus, Plaintiffs are seeking punitive and compensatory damages for the resulting injuries. Id. at 27-28.

On May 1, 2017, Plaintiffs filed the instant Motion to unseal and a Joint Stipulation ("JS") challenging the confidentiality designation of the Body Camera Footage taken from defendant Joshua Patty on the night of the incident. Dkt. 57. Plaintiffs seek to have the Body Camera Footage unsealed and available to the public. Id. Defendants, however, argue the Body Camera Footage should remain under seal pursuant to the parties' Protective Order. Id.

On May 15, 2017, Plaintiffs filed their supplemental briefs in support of the JS. Dkt. 61. This matter thus stands submitted and ready for decision.

### III.
### LEGAL STANDARD

Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). While litigation documents and information produced during discovery are presumptively public, Federal Rule of Civil Procedure 26(c) allows a court to shield

certain documents from the public when there is good cause to do so.  <u>San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)</u>, 187 F.3d 1096, 1103 (9th Cir. 1999).

According to Federal Rule of Civil Procedure 26(c),

> [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: forbidding the disclosure or discovery; specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery; prescribing a discovery method other than the one selected by the party seeking discovery; forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters . . . .

Fed. R. Civ. P. 26.  The party seeking the protective order and opposing disclosure of information has the burden of proving good cause.  <u>In re Roman Catholic Archbishop of Portland in Oregon</u>, 661 F.3d 417, 424 (9th Cir. 2011).  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."  <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210–11 (9th Cir. 2002).

## IV.
## **DISCUSSION**

Here, for the reasons discussed below, there is good cause to find the Body Camera Footage should remain confidential pursuant to the terms of the Protective Order.

First, the parties entered into a valid Protective Order, in which they both agreed that good cause existed for designating any video footage related to the August 30 incident as confidential.  <u>See</u> Dkt. 33 at 2.

Second, the Court finds there is no proper purpose or reason why the Body Camera Footage should be released at this time.  While Plaintiffs claim they "intend to use the footage for [an] opposition to a motion for summary judgment and possibly for a spoliation of evidence motion against [Defendants]," no motions have been filed.  JS at 14; <u>see</u> <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1180 (9th Cir. 2006) (noting there is a strong presumption of access to *judicial records* - which unlike non-dispositive pleadings that are generally only tangentially related to the underlying cause of action, and discovery which is not filed and part of the judicial record at all - applies fully to dispositive pleadings that resolve a dispute on the merits).

Third, both parties have access to all the video footage of the August 30 incident, including the Body Camera Footage and the video surveillance footage taken from Kicks Sports Bar.  JS at 19-20, 23, 24.  In fact, the Court notes the video surveillance footage from Kicks Sports Bar, which Defendants repeatedly claim is already available and accessible to the public, appears to present a complete and more comprehensive review of what occurred during the

incident in question. Thus, releasing the information will not promote fairness or efficiency in the current action as both parties already have access to all video footage related to the incident. See United States ex rel. Brown v. Celgene Corp., No. CV 10-3165 GHK (SS), 2016 WL 6542729, at *7 (C.D. Cal. Mar. 14, 2016) (holding "because all parties to the litigation are in possession of the challenged materials, whether the sharing of information among litigants will promote fairness and efficiency is not at issue" (internal quotations omitted)).

Finally, the Court finds disclosure of the footage will result in particularized harm because the footage implicates privacy interests of third parties unrelated to this action. See Sampson v. City of El Centro, No. 14CV1807-L (DHB), 2015 WL 11658713, at *6 (S.D. Cal. Aug. 31, 2015) (holding body camera footage of non-party police officers and other third party members of the public who spoke with law enforcement implicates privacy interests of innocent third parties).

In light of these considerations, the Court declines to lift the Protective Order and, thus, DENIES Plaintiffs' Motion challenging the confidentiality designation of the Body Camera Footage without prejudice.

# V.
# CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's Motion is DENIED without prejudice [Dkt. 57];

2. The hearing on Plaintiff's Motion set for June 1, 2017 is VACATED.