UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-1261-KK** | Date | July 5, 2017 |
| Title | *Randy Conan, et al. v. City of Fontana, et al.* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel [Dkt. 67]

## I.
## SUMMARY OF RULING

On June 7, 2017, Plaintiffs Randy and Xylina Conan ("Plaintiffs") filed a Motion to Compel ("Motion") and a Joint Stipulation. ECF Docket No. ("dkt.") 67. Plaintiffs seek to compel production of documents from Defendant City of Fontana in response to Requests for Production Nos. 1 through 4. Id. Specifically, Plaintiffs seek to compel (1) complaints or reports of the use of excessive force or dishonesty from the personnel files of Defendant Patty ("Request for Production No. 1"); (2) Internal Affairs investigations and reports related to allegations of excessive force and dishonesty involving Defendant Patty ("Request for Production No. 2"); (3) civil or departmental complaints or grievances alleging use of excessive force by Defendant Patty ("Request for Production No. 3"); and (4) Internal Affairs investigations and reports, and civil and departmental complaints or grievances arising from or involving claims of excessive force of any other City of Fontana police officer for ten years prior to the filing of the instant action and documentation of the disposition of such complaints or grievances ("Request for Production No. 4"). JS at 11, 35, 56, 76.

As set forth below, the Court (1) GRANTS Plaintiffs' Motion in part; and (2) ORDERS Defendant City of Fontana to lodge all responsive documents for five years prior to the filing of the instant action for *in camera* review before production. Following *in camera* review, the Court will issue an order regarding production.

## II.
## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On June 14, 2016, Plaintiffs filed a Complaint against the City of Fontana, the Fontana Police Department, Joshua Patty, and Does 1-20 ("Defendants") for excessive force and denial of medical care pursuant to 42 U.S.C. § 1983 as well as state law claims for assault and battery, negligence, intentional/negligent infliction of emotional distress, and loss of consortium. Dkt. 1. The lawsuit arises out of an incident on August 30, 2015 at Kicks Sports Bar when City of Fontana police officers, including Officer Patty, responded to a report of an unruly bar patron. Id. The Complaint alleged the officers' use of excessive force and failure to provide medical attention resulted in injuries to Mr. Conan. Id.

On October 28, 2016, Defendant City of Fontana responded to Plaintiff's Requests for Production and included the Declaration of Fontana Police Sergeant James De La Torre in support thereof. Declaration of Jesse K. Cox ("Cox Decl."), ¶¶ 2-3, Ex. B.

On December 5, 2016, counsel for both parties met and conferred telephonically regarding the deficiencies in Defendant City of Fontana's responses. Declaration of Marjorie Barrios ("Barrios Decl."), ¶ 11.

On December 8, 2016, the Court approved and entered the parties' stipulated Protective Order. Dkt. 34.

On December 13, 2016, pursuant to counsels' December 5, 2016 telephonic conference, Defendants' counsel provided supplemental responses to Plaintiffs' Requests for Production as well as a privilege log. Cox Decl., ¶ 5, Ex. D.

On January 25, 2017, Plaintiffs were granted leave to file a Third Amended Complaint ("TAC") naming additional officers who arrived at the scene after Mr. Conan had been arrested. Dkt. 39. On January 30, 2017, Plaintiffs filed the TAC. Dkt. 40. On February 23, 2017, Defendants filed an Answer to the TAC. Dkt. 44.

On April 18, 2017, the Court granted the parties' stipulation to continue the discovery cut-off from July 7, 2017 to August 7, 2017. Dkt. 55.

On May 16, 2017, counsel for both parties again met and conferred telephonically regarding the deficiencies in Defendant City of Fontana's supplemental responses. Barrios Decl., ¶ 11. During their conference, Plaintiffs' counsel offered to reduce the time period covered by the requests from ten to three years. Id. ¶ 5. Defendants' counsel declined this offer and requested Plaintiffs agree to limit the requests to "similar use of force incidents." Id. Plaintiffs' counsel declined this offer because Plaintiffs' counsel believes there is at least one relevant incident of Defendant Patty shooting a suspect. Id.

On June 7, 2017, Plaintiffs filed the instant Motion and Joint Stipulation. Dkt. 67, JS. Defendant City of Fontana objects to the production on the grounds that the information sought is (a) vague, ambiguous, and overbroad; (b) not in Defendants' possession, custody, or control; (c) protected by various privacy rights; (d) protected by the law enforcement investigatory privilege; and (e) protected by the official information privilege. Id. at 17-35, 37-55, 58-76, 79-99. Defendant City of Fontana also objects to Request for Production No. 4 on the grounds of the Fifth Amendment right against self-incrimination. Id. at 96. In the event the Court grants Plaintiffs' Motion, Defendant City of Fontana requests an *in camera* review prior to production. Id. at 33-35, 54-55, 74-76, 97-99.

On June 21, 2017, Plaintiffs filed a Supplemental Brief. Dkt. 68. The matter thus stands submitted.

## III.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Responses to requests for production "must be complete, explicit and responsive. If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control." Hash v. Cate, No. C 08-03729 MMC (DMR), 2012 WL 6043966, at *2 (N.D. Cal. Dec. 5, 2012). The requesting party "is entitled to individualized, complete responses to each of the requests . . ., accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C -13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

Rule 37(a)(1) permits a party to move for an order compelling discovery, upon certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1).

## IV.
## DISCUSSION

### A. THE DOCUMENTS SOUGHT ARE RELEVANT IN PART

Plaintiffs argue complaints and investigations regarding Defendant Patty's use of force and dishonesty are relevant to Plaintiffs' claims that Defendant City of Fontana "persistently covers up excessive use of force incidents and fails to discipline officers on a routine basis, and specifically, in the case of this Plaintiff, Randy Conan." JS at 8. Plaintiffs argue the "manner in which the City of Fontana replied to [citizens' complaints/suits] is also germane to this action." Id.

Defendants argue instances of use of force beyond the specific type of force Defendant Patty used against Mr. Conan, i.e. use of force by Defendant Patty with "his two hands", are not relevant in this case because the "jury will not be asked to evaluate the reasonableness of Officer Patty's use of force options outside of his own two hands." Id. at 20. Defendants also object to the unreasonably burdensome time frame of the requests. Id. at 19-20.

The Court finds Defendant City of Fontana's response to officers' use of force, including Defendant Patty's, is relevant to (a) Plaintiffs' claim that Defendant City of Fontana fails to discipline its officers for excessive use of force; and (b) whether Defendant City of Fontana was on notice of the likelihood Defendant Patty would employ excessive force. Therefore, the Court finds the documents sought by Requests for Production Nos. 1 through 3 are relevant to Plaintiffs' claims. In addition, Defendant City of Fontana's handling of excessive force complaints generally is relevant to whether there is a consistent practice of disregarding or covering up such incidents. However, the identity of the other officers involved in such complaints is unlikely to have much probative value. Therefore, Defendant City of Fontana should be permitted to redact information identifying officers, other than defendants in the instant action, from the production of documents responsive to Request for Production No. 4.

Moreover, the Court is inclined to agree that complaints over five years old are likely to have little probative value and unlikely to lead to the discovery of admissible evidence. See

Darraj v. Cty. of San Diego, No. 11-CV-1657-AJB (BGS), 2012 WL 5966854, at *2 (S.D. Cal. Nov. 28, 2012) (limiting discovery of personnel evaluations to three years prior to the incident at issue). Hence, the Court will limit discovery to five years prior to the filing of the complaint at this time, but without prejudice.

B.  **DEFENDANTS HAVE NOT MADE A SUBSTANTIAL THRESHOLD SHOWING THAT THE OFFICIAL INFORMATION OR LAW ENFORCEMENT INVESTIGATORY PRIVILEGES APPLY**

"Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing Kerr v. U.S. Dist. Court for N. Dist. of California, 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976)). The discoverability of official documents should be determined under the "balancing approach that is moderately pre-weighted in favor of disclosure." Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987). The party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." Id. at 669. The party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters attested to by the official. Id. "The affidavit or declaration must include (1) an affirmation that the agency has generated or collected the requested material and that it has maintained its confidentiality, (2) a statement that the material has been personally reviewed by the official, (3) a description of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff or plaintiff's attorney, (4) a description of how disclosure under a protective order would create a substantial risk of harm to those interests, and (5) a projection of the harm to the threatened interest or interests if disclosure were made." Bosley v. Valasco, No. 1:14-CV-00049-MJS (PC), 2016 WL 1704159, at *5 (E.D. Cal. Apr. 28, 2016), modified, 2016 WL 2756590 (E.D. Cal. May 12, 2016) (citing Kelly, 114 F.R.D. at 670).

Similarly, the law enforcement investigatory privilege is based on the harm to law enforcement efforts which might arise from public disclosure of investigatory files. United States v. Winner, 641 F.2d 825, 831 (10th Cir. 1981). The party claiming the privilege has the burden to establish its existence. Friedman v. Bache Hasley Stuart Shields, Inc., 738 F.2d 1336, 1341 (D.C. Cir. 1984). In order to assert the law enforcement investigatory privilege, certain elements must be met: (1) a formal claim of privilege by the head of the department with control over the requested information; (2) the assertion of the privilege must be based on personal consideration by that official; and (3) the information for which the privilege is claimed must be specified with an explanation as to why it falls within the scope of the privilege. U.S. ex rel Burroughs v. DeNardi Corp., 167 F.R.D. 680, 687 (S.D. Cal. 1996); see also Torres v. Goddard, No. CV 06-2482-PHX-SMM, 2010 WL 3023272, at *8 (D. Ariz. July 30, 2010) (finding party opposing disclosure failed to satisfy burden to show law enforcement investigatory privilege did not prevent discovery of materials discussing "police operational strategies, undercover programs, and targets of criminal investigations").

Defendants provide the declaration of Sergeant James De La Torre ("Torre Decl.") in support of their federal privilege objections. Cox Decl., Ex. B. Sergeant De La Torre states he

has generated and collected the requested information and maintained their confidentiality.  Id. ¶¶ 6, 8.  He states he has personally reviewed "the information and materials sought by Plaintiff's discovery."  Id. ¶ 2.  Sergeant De La Torre states the disclosure of such material "would substantially impede and interfere with the ability of the Fontana Police Department to conduct an internal investigation into" complaints and grievances and "could substantially impede the investigative process and the Department's decision-making process arising out of such incidents."  Id. ¶ 11.  He states that "[e]ven if the disclosure of this confidential information was made subject to a protective order, there is a substantial risk of harm to the investigation and decision-making process because protective orders may be disregarded by the party seeking disclosure."  Id. ¶ 14.  In addition, Sergeant De La Torre also states disclosure would "adversely affect[]" the "attitude, morale, and self-esteem of rank and file peace officers . . . and the personal safety and security of peace officers and their families would be jeopardized."  Id. ¶ 16.

First, the fear that disclosure of internal affairs investigations would likely result in reduced participation by officers has no empirical basis.  Kelly, 114 F.R.D. at 664 ("no empirical study supports the contention that the possibility of disclosure would make officers who participate (as respondents or as investigators) in internal affairs investigations less honest," and "in the absence of special circumstances proved by law enforcement defendants, courts should ascribe little weight to a police department's purported interest in preserving the anonymity of citizen complainants.").

Second, Defendants outline the potential harm of disclosure to the public, but do not explain how disclosure subject to a protective order would create a substantial risk of harm to these governmental interests, except to say that protective orders may be disregarded.  See Bosley, 2016 WL 1704159, at *7.  The Court cautions the parties that protective orders, including the one issued by the Court in this case, may not be disregarded.  Here, the declaration submitted on behalf of Defendants only provides general assertions of harm; it fails to demonstrate why disclosing the information sought under a carefully crafted protective order to protect the confidentiality of the information would harm a significant governmental interest; and it fails to support its assertions of how much harm would be done if such information were disclosed under a protective order.  See Nehad v. Browder, No. 15-CV-1386 WQH NLS, 2016 WL 2745411, at *4 (S.D. Cal. May 10, 2016), reconsideration denied, No. 15-CV-1386 WQH NLS, 2016 WL 3769807 (S.D. Cal. July 15, 2016); see also Kelly, 114 F.R.D. at 662 ("[I]t is important to emphasize that in many situations what would pose the threat to law enforcement interests is disclosure to the public generally, not simply to an individual litigant and/or her lawyer.").  Therefore, "defendants cannot meet their burden simply by asserting, *without empirical support*, that officers will refuse to cooperate with Internal Affairs investigations if their statements are subject to even limited disclosure."  Kelly, 114 F.R.D. at 672 (emphasis in original).

Hence, the Court denies Defendants' request to preclude disclosure based on the official information or investigatory privileges.

///
///

**C.    IN ORDER TO BALANCE FEDERAL PRIVACY CONCERNS, THE COURT WILL REVIEW THE PRODUCTION *IN CAMERA* BEFORE COMPELLING PRODUCTION**

Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. See Breed v. United States Dist. Ct. for Northern District, 542 F.2d 1114, 1116 (9th Cir. 1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992), cert. den. 507 U.S. 910, 113 S. Ct. 1255, 122 L. Ed. 2d 654 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 550–51 (E.D. Cal. 1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential and should be given "some weight." Kelly, 114 F.R.D. at 656; Denver Policemen's Protective Ass'n. v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981). However, the right to privacy is not absolute and can be outweighed. Roettgen v. Foston, No. 13-CV-1101-GPC-BGS, 2016 WL 4720059, at *1 (S.D. Cal. Sept. 9, 2016). The privacy rights in police files "must be balanced against the great weight afforded to federal law in civil rights cases against police departments." Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995).

Here, Defendants request, in the event the Court grants Plaintiffs' Motion, that the Court issue an order undertaking an *in camera* review of the information subject to disclosure and to then determine what information, if any, should be released. See Bosley, 2016 WL 1704159, at *7. In order to balance Defendant Patty's privacy rights, as well as the privacy rights of third parties, the Court grants Defendants' request to conduct an *in camera* review before ordering production.

Finally, the Court is unclear whether and how Defendant City of Fontana is attempting to invoke Defendant Patty's Fifth Amendment rights, or how production of documents in Defendant Patty's personnel file could violate his Fifth Amendment rights. Hence, the Court overrules without prejudice Defendant City of Fontana's objection attempting to assert the Fifth Amendment rights on behalf of its officers.

# V.
# CONCLUSION

**IT IS THEREFORE ORDERED** that **within seven (7) days** of the date of this Order:

1. Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART as set forth above.

2. To the extent Defendant City of Fontana alleges there are responsive documents that are not in its possession, custody, or control, it shall serve supplemental responses to Requests for Production Nos. 1 through 4 setting forth the efforts used to obtain the information.

3. Defendant City of Fontana shall submit unredacted copies of all responsive documents for five years prior to the filing of the instant action for *in camera* review as well as a copy showing proposed redactions as permitted above.